IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ATLANTIC RECORDING CORPORATION, a
Delaware corporation; *et al.*,
        Plaintiffs,

-vs-                                                   Case No. A-04-CA-636-SS

DOES 1 - 151,
        Defendants.

## ORDER

Pursuant to the General Order in re Cases Filed by Recording Companies filed November 17, 2004, in the United States District Court for the Western District of Texas, Austin Division, a copy of which is attached hereto for informational purposes only, the Court enters the following order:

    IT IS ORDERED that Does 2 - 151 in the above-styled cause are hereby DISMISSED WITHOUT PREJUDICE to refiling their claims in the manner described in the attached General Order.

SIGNED this the 18th day of November 2004.



_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § § § **GENERAL ORDER** § CASES FILED BY § RECORDING COMPANIES § | |

## ORDER

A consortium of recording companies have filed several recent lawsuits in this Court, alleging that numerous unnamed defendants ("Does") have violated federal copyright laws by downloading music from an "online media distribution system." (See attached list of cases.) Each of these cases names multiple defendants, with as many as 151 "Does" being named in one of the actions. The recent cases actually encompass 254 defendants. It appears that the Plaintiffs may intend to file future suits as well. There are no allegations in any of the cases that the defendants are in any way related to each other, or that they acted in concert or as a group in their allegedly offending actions.

With regard to joinder of claims, the Federal Rules of Civil Procedure provide that multiple parties:

> may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a). There is no allegation in the recently-filed cases that the claims against the joined defendants "arise out of the same transaction, occurrence or series of transactions or occurrences." The claim against each defendant is individual, based on individual acts of each

defendant, and, if proven, will result in unique damage claims. The defendants are not properly joined under Rule 20.

Moreover, there are practical reasons supporting severing the claims against the defendants. The filing fees for the recent four cases totaled $600, whereas the filing fees for 254 separate cases would have been $38,100. That is a considerable loss of revenue to the public coffers. Moreover, the closing of one 151-defendant case is treated as a single case for statistical purposes, when in fact each defendant should be treated as a single case for such purposes, given that the claim against each defendant is a separate.

Because these four suits are in actuality 254 separate lawsuits, the Court *sua sponte* will dismiss without prejudice all but the first defendant in each case. Plaintiffs will be permitted to refile against the other defendants separately, upon the payment of the appropriate filing fee. In addition, Plaintiffs are ordered to file any future cases of this nature against one defendant at a time, and may not join defendants for their convenience.

IT IS SO ORDERED, this 17th day of November, 2004.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE

/s/ Lee Yeakel
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

2

## List of cases

1. *Fonovisa, Inc. et al. v. Does 1-41*; No. A-04-CA-550 LY

2. *Atlantic Recording Corporation, et al. v. Does 1-151*; No. A-04-CA-636 SS

3. *Elektra Entertainment Group, Inc., et al. v. Does 1-11*; No. A-04-CA-703 LY

4. *UMG Recordings, Inc., et al. v. Does 1-51*; No. A-04-CA-704 LY